UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK RANDALL MILNER,<br>　　　　Plaintiff,<br>　　v.<br>NAPA COUNTY SUPERIOR COURT,<br>　　　　Defendant. | Case No. 25-cv-06193-JSC<br><br>**ORDER RE: HABEAS PETITION** |

Erik Randall Milner, proceeding without attorney representation, filed a petition for a writ of habeas corpus seeking immediate relief from custody. (Dkt. No. 1.) For the reasons explained below, Mr. Milner's petition is DISMISSED without prejudice for failure to exhaust his state court remedies.

**BACKGROUND**

According to the petition, on November 26, 2024, Mr. Milner was sentenced to Napa County Department of Corrections for the following crimes: leaving the crime of an accident, domestic violence, and delaying a peace officer arrest. (*Id.* at 1-2, 7.) He appealed his conviction to the California Court of Appeal, and the appeal was still pending when Mr. Milner filed this petition. (*Id.* at 2-3.) In response to a question asking whether he appealed his conviction to the California Supreme Court, Mr. Milner circled "NO." (*Id.* at 3.) The petition states Mr. Milner also sought relief from the Napa County Superior Court and attaches a corresponding "verified petition for writ of habeas corpus" asserting his detention "is unconstitutional and in violation of his rights" on the following grounds: newly discovered evidence, ineffective assistance of counsel, due process violations, unlawful retaliation for filing legal actions, and cruel and unusual punishment. (*Id.* at 7-8.)

**STANDARD OF REVIEW**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

**DISCUSSION**

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing Rules Governing Section 2254 Cases in the United States District Courts). "Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to summarily dismiss a habeas petition, before the respondent files an answer, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.'" *Neiss v. Bludworth*, 114 F.4th 1038, 1044 (9th Cir. 2024). For example, a Rule 4 summary dismissal is warranted if the petition reveals state remedies have not been exhausted as to any of the federal claims. *Id.* at 1045.

Mr. Milner's petition plainly shows he may not proceed with his petition at this time because he has failed to exhaust his state court remedies. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The appropriate time to assess whether a petitioner has exhausted his state remedies is when the federal petition is filed, and if the petitioner exhausts after filing, he can bring his claims in a subsequent petition. *See Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999).

Here, when he filed this petition, Mr. Milner's appeal was still pending in the California Court of Appeal. In response to the question asking "to what court(s) did you appeal," Mr. Milner

1  listed a California Court of Appeal case and wrote "still in appeal." (Dkt. No. 1 at 2-3.)
2  Moreover, Mr. Milner circled "NO" to indicate he has not filed an appeal with the California
3  Supreme Court. (*Id.* at 2-3.) Because Mr. Milner's petition makes clear he has not exhausted his
4  state court remedies as required by section 2254, the Court must dismiss his petition. *See* R. 4,
5  Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached
6  exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the
7  petition and direct the clerk to notify the petitioner."); *see also Neiss*, 114 F.4th at 1040–41 ("Rule
8  4 dismissal is required on procedural grounds, such as failure to exhaust.").

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED without prejudice to refiling after available state judicial remedies are exhausted.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 9, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge